UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD PARKS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SAN JOAQUIN COUNTY SUPERIOR COURT,<br><br>　　　　Respondent. | No. 2:18-cv-0604 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a pretrial detainee proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Here, petitioner claims that the San Joaquin County Superior court is depriving him of his right to a speedy trial under the Sixth Amendment. Petitioner was arrested and placed in the San Joaquin County Jail on December 11, 2017. Petitioner alleges his trial date was set for March 5, 2018, but on that date, petitioner's public defender asked the judge to set a competency hearing, despite petitioner's order not to do so, and the judge allegedly ignored petitioner's request for a trial. Petitioner concedes he did not file an appeal or seek review in the California Supreme Court. (ECF No. 1 at 5.)

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court.[2] Further, there is no allegation that state court remedies are no longer available to petitioner.[3] Accordingly, the petition should be dismissed without prejudice.[4]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

---

[2] On May 1, 2018, the court confirmed that no petition has been filed by petitioner in the California Supreme Court. The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

[3] Review of the San Joaquin County Superior Court's case lookup website reflects that petitioner's cases have been set for jury trial on June 8, 2018. No. STK-CR-MDV-2018-0001280 (misdemeanor domestic violence), and No. STK-CR-FDV-2017-0016317 (felony domestic violence). The address of the county's official website is https://cms.sjcourts.org.

[4] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California;

3. The Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 2, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/park0604.103

3